LAMBDIN FUNERAL SERVICE, INC.,
and Wayne Lambdin, Sr., Appellants,

v.

Charles N. GRIFFITH, Appellee.

Supreme Court of Tennessee.

Jan. 3, 1978.

Mark H. Collier, Waverly, for appellants.

John D. Whalley, Barksdale, Whalley, Gilbert & Frank, Nashville, for appellee.

OPINION

COOPER, Justice.

Appellants, Lambdin Funeral Service, Inc. and Wayne Lambdin, Sr., have appealed from an order of the Circuit Court of Humphreys County dismissing their action against Charles N. Griffith "for failure to state a claim upon which relief can be granted."

In the complaint, appellants charge appellee with slander, libel, conspiracy to libel and defame appellants, and invasion of appellants' right of privacy. The charges are based on pleadings filed and statements made by appellee, in his capacity as attorney for Lee Reynolds, Alice Reynolds, Lloyd Hall, and Clara Mae Fox,

(1) in filing a tort action against appellants in the Circuit Court of Humphreys County, and

(2) in filing charges against appellants with the Tennessee Board of Funeral Directors and Embalmers, and in participating in the hearing held by the Board on the charges. Both the tort action and the proceedings before the Board were predicated on the same charges of misconduct by appellants in the occupation for which they had been licensed by the Board.[1]

It is generally recognized that statements made in the course of a judicial proceeding that are relevant and pertinent to the issues involved are absolutely privileged and cannot be the predicate for liability in an action for libel, slander, or invasion of privacy. *Jones v. Trice*, 210 Tenn. 535, 360 S.W.2d 48 (1962); *Froehlich v. Adair*, 213 Kan. 357, 516 P.2d 993 (1973); *Munsell v. Ideal Food Stores*, 208 Kan. 909, 494 P.2d 1063 (1972); *Hagan v. Fairfield*, 238 Cal.App.2d 197, 47 Cal.Rptr. 600 (1965); 62 Am.Jur.2d *Privacy* § 14; 53 C.J.S. *Libel & Slander* § 104. This absolute privilege holds true even in those situations where the statements are made maliciously and corruptly. *Hayslip v. Wellford*, 195 Tenn. 621, 263 S.W.2d 136, 42 A.L.R.2d 820 (1953). It also holds true in administrative proceedings before boards or commissions that are clothed with the authority to revoke a license "after a hearing for good cause shown," as is the Tennessee Board of Funeral Directors and Embalmers. *Independent Life Insurance Company v. Rodgers*, 165 Tenn. 447, 55 S.W.2d 767 (1932). *See also,* Prosser, Law of Torts, 3d Ed. 1964, wherein it is noted at page 799 that:

> The "judicial proceeding" to which the immunity attaches has not been defined very exactly. It includes any hearing before a tribunal which performs a judicial junction, ex parte, or otherwise, and whether the hearing is public or not. It includes for example, lunacy, bankruptcy, or naturalization proceedings, and an election contest. It extends also to the proceedings of many administrative officers such as boards and commissions, so

far as they have powers of discretion in applying the law to the facts which are regarded as judicial, or "quasi-judicial." in character. *Thus the ordinary administrative proceeding to revoke a license is held to lie within the privilege.* (emphasis supplied).

The underlying basis for the grant of the privilege is the public's interest in and need for a judicial process free from the fear of a suit for damages for defamation or invasion of privacy based on statements made in the course of a judicial or quasi-judicial proceeding. *Jones v. Trice*, 210 Tenn. 535, 360 S.W.2d 48 (1962); *Crockett v. McClanahan*, 109 Tenn. 517, 530, 72 S.W. 950, 953, 61 L.R.A. 914 (1903).

In the instant case, each tort charged in the complaint is predicated upon the publication by the defendant of alleged acts of misconduct by the plaintiff. The publications relied upon were either in the circuit court action or in the proceedings before the Tennessee Board of Funeral Directors and Embalmers. There is no contention that the statements were not pertinent to issues involved. Consequently, the pleadings and statements were privileged communications, and as such cannot be the predicate for liability in the action for the torts set forth in the complaint.

The order of the trial judge dismissing the action "for failure to state a claim upon which relief can be granted" is affirmed. Costs of the appeal are adjudged against appellants and their surety.

HENRY, C. J., and FONES, BROCK, and HARBISON, JJ., concur.

---

1. According to the complaint, the board hearing resulted in permanent revocation of appellants' licenses. On review of the Board's decision, the chancellor modified the judgment to provide for suspension of the licenses for a six month period rather than permanent revocation of the licenses.