IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

May 26, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

JOHN G. TABOR, Individually,   ) C/A NO. 03A01-9902-CV-00043
and TABOR CONSTRUCTION, INC.,  )
                               )
    Plaintiffs-Appellants,     )
                               )
v.                             )
                               )
                               ) APPEAL AS OF RIGHT FROM THE
                               ) KNOX COUNTY CIRCUIT COURT
                               )
CHRISTI EAKIN, GETTYSVUE       )
PARTNERS, L.P., CLUB PARTNERS, )
INC., and WANG LAU and wife,   )
FLORENCE LAU,                  )
                               )
                               ) HONORABLE DALE C. WORKMAN,
    Defendants-Appellees.      ) JUDGE


For Appellants                    For Appellees Christi Eakin,
                                    Gettysvue Partners, L.P.,
THOMAS R. HENLEY                    and Club Partners, Inc.
Lufkin, Henley & Conner
Knoxville, Tennessee              RICKY L. APPERSON
                                  Spicer, Flynn & Rudstrom, PLLC
                                  Knoxville, Tennessee


                                  For Appellees Wang Lau and
                                    Florence Lau

                                  JAMES Y. (BO) REED
                                  JAMES C. CONE
                                  Jenkins & Jenkins, PLLC
                                  Knoxville, Tennessee


O P I N I O N


AFFIRMED AND REMANDED                              Susano, J.

1

The plaintiffs, John G. Tabor and Tabor Construction, Inc. (collectively, "Tabor"), brought this action for damages against Christi Eakin ("Eakin"), Gettysvue Partners, L.P., Club Partners, Inc., and Wang Lau and his wife, Florence Lau ("the Laus"), alleging that the defendants were guilty of "libel and slander[1] and defamation." The trial court dismissed each of Tabor's claims against the various defendants,[2] Tabor appeals, raising the following issues for our consideration:

>  1.  Did the trial court err in dismissing the Laus on the ground that they did not publish the libelous letter from Eakin?
>
>  2.  Did the trial court err in dismissing the Laus on the ground that their libelous communications were absolutely privileged?
>
>  3.  Did the trial court err in dismissing Eakin, Gettysvue Partners, L.P., and Club Partners, Inc., on the ground that the libelous letter from Eakin was an absolutely privileged communication?

We affirm.

I.  *Facts and Procedural History*

The core facts of this controversy are essentially undisputed. The Laus contracted with Tabor to build a house in Gettysvue Subdivision in Knox County. Various disputes arose between the Laus and Tabor regarding the construction of the house and the amount owed by the Laus. According to the Laus,

---

[1]Tabor apparently has abandoned the slander claim.

[2]Gettysvue Polo, Golf and Country Club was also named as a defendant in the complaint, but was dismissed on its motion. Tabor specifically excepted Gettysvue Polo, Golf and Country Club from the notice of appeal, and it is therefore not a party to this appeal.

2

Tabor, among other things, had failed to complete the agreed-upon landscaping work; had failed to complete construction in various areas of the house; had demanded an excessive amount to complete work on the basement; and had failed to build a sun deck in accordance with proper safety specifications.

The Laus subsequently received a letter from Eakin, the Vice President of Gettysvue Partners, L.P., which letter states as follows:

> On Tuesday, April 15, 1997 and on behalf of the Gettysvue developers, I inspected the landscaping at your home. Gettysvue covenants and restrictions require that your yard be sodded and landscaped according to the landscaping plans which were submitted and approved. Although you have taken residence, the sod and landscaping at your home have not been completed. Clearly, the incomplete status of your landscaping is in violation of the covenants and restrictions.
>
> As I understand, the builder, John Tabor, refuses to complete the landscaping which he is required to do pursuant to your building contract. I am sorry and do sympathize with your situation. In fact, I daily receive complaints regarding Mr. Tabor's actions from not only his customers, but also from vendors and suppliers in the Knoxville area. As you know, <u>Gettysvue has officially notified Mr. Tabor that he is no longer allowed to build in Gettysvue</u>. His total lack of cooperation and refusal to abide by the Gettysvue restrictions as well as the complaints prompted this decision.
>
> I am very concerned about all of the unsuspecting potential home customers with whom he may come in contact, because just as you did, others will place faith in him that he will fulfill his contract obligations. Just recently, I learned that he is building a home in the "Parade of Homes" in Whittington Creek on Northshore Drive. Amazing, isn't it? It is difficult to believe that the <u>Tennessee Board of Licensing Contractors</u> and/or Knoxville Home Builders

3

Association would continue to allow him to conduct business.

While as [sic] I have communicated my understanding of your situation, I still need to understand the resolution.  Please keep me updated, and I will do whatever I can to help.

(Underlining in original.)

Shortly thereafter, the Laus filed a complaint against Tabor with the Tennessee Board for Licensing Contractors ("the Board").  Along with various other information in the complaint, the Laus forwarded a copy of Eakin's letter, as well as a letter from Mr. Lau which states as follows:

I am filing a complaint against Tabor Construction, Inc. and Mr. John Tabor and am reporting violations as the Tennessee registration law requires.  Please see attachment.

This complaint is not an ordinary complaint regarding [a] Contractor not performing work. This Contractor has been "disbarred" from building at the Gettysvue Polo, Golf, and Country Club, a new and big subdivision in Knoxville where Mr. Tabor had started at least seven houses.... This Contractor has also persisted in the violation of safety practices and building codes and has also engaged in the practice of gouging his clients for money.  The **professional conduct** of the Contractor is highly questionable.

It is understood that the license of Tabor Construction, Inc., is up for renewal on May 31, 1997.

I trust that the Board will make a timely inquiry into this matter.  I shall be in full cooperation with the Board as the law requires.

(Bold lettering in original.)

4

Tabor subsequently filed this action against Eakin, Gettysvue Partners, L.P., Club Partners, Inc.,[3] and the Laus. In the complaint, Tabor alleges that the majority of Eakin's letter, several statements in Mr. Lau's letter to the Board, and numerous other statements contained in the Laus' complaint to the Board are libelous. With regard to Eakin's letter, Tabor's theory is set forth in the complaint as follows:

> ...Wang L. Lau, with the full knowledge and consent and approval and assistance and cooperation and in conspiracy with defendants Christi Eakin and his wife Florence Lau did solicit, encourage, urge and assist defendant Eakin to write the said letter with the express purpose of publishing it in his complaint to [the Board] which he filed with the Board on or about May 1, 1997. Defendant Lau informed defendant Eakin that he was going to use it in his complaint to the Board, and she composed and published the said letter knowing that it would be used against plaintiffs and that it would be published to the Board and to others.

The Laus filed a motion to dismiss and/or for summary judgment. They also filed a joint affidavit in which they stated, among other things, that they did not cause, request or suggest that Eakin's letter be written or mailed to them, and, furthermore, that they did not act in conspiracy with any of the other defendants to cause the letter to be published. Eakin, Gettysvue Partners, L.P., and Club Partners, Inc., also filed a motion to dismiss. Their motion was unsupported by any material outside the pleadings. Tabor did not file any factual matters in response. The trial court granted the motion of each defendant, and Tabor appealed.

---

[3]Club Partners, Inc. apparently is the general partner of Gettysvue Partners, L.P.

II.  *Applicable Law*

The Supreme Court has held that "statements made in the course of a judicial proceeding that are relevant and pertinent to the issues involved are absolutely privileged and cannot be the predicate for liability in an action for libel...." ***Lambdin Funeral Serv., Inc. v. Griffith***, 559 S.W.2d 791, 792 (Tenn. 1978); ***Jones v. Trice***, 360 S.W.2d 48, 50 (Tenn. 1962).  This concept is to be liberally construed so as to insure unfettered access to the judicial process.  *See* ***Myers v. Pickering Firm, Inc.***, 959 S.W.2d 152, 161 (Tenn.App. 1997).

This general rule applies in "administrative proceedings before boards or commissions that are clothed with the authority to revoke a license 'after a hearing for good cause shown....'" ***Lambdin***, 559 S.W.2d at 792.  As the Court in ***Lambdin*** explained,

> [t]he "judicial proceeding" to which the immunity attaches has not been defined very exactly.  It includes any hearing before a tribunal which performs a judicial [f]unction, ex parte, or otherwise, and whether the hearing is public or not.... It extends also to the proceedings of many administrative officers such as boards and commissions, so far as they have powers of discretion in applying the law to the facts which are regarded as judicial, or "quasi-judicial" in character. *Thus the ordinary administrative proceeding to revoke a license is held to lie within the privilege.*

***Id.***  (quoting from PROSSER, LAW OF TORTS (3d ed. 1964)).  (Emphasis in ***Lambdin***).

6

In *Lambdin*, the plaintiffs brought suit after the defendant had, among other things, filed charges against them with the Tennessee Board of Funeral Directors and Embalmers, and had participated in the ensuing hearing before that Board. The Supreme Court observed that the Board in question possessed the authority to revoke the plaintiffs' license, and also noted that the statements at issue had been pertinent to the issues involved in that proceeding. Finding that the defendant's statements were absolutely privileged, the Court affirmed the trial court's dismissal of the plaintiffs' claims for slander, libel, conspiracy to libel and defame the plaintiffs, and invasion of privacy. *Id.* at 791-92.

We have previously pointed out the Supreme Court's "willingness to extend the doctrine [of absolute privilege] to communications *preliminary* to proposed or pending litigation." *Myers*, 959 S.W.2d at 161.[4] (Emphasis added.)

### III. *Tabor's Claim Against the Laus*

We shall first address the propriety of the trial court's grant of summary judgment to the Laus.

We review the trial court's decision against the standard of Rule 56.04, Tenn.R.Civ.P., which provides in pertinent part as follows:

---

[4]In *Myers*, we found a consultant's report criticizing an architectural firm's work to be absolutely privileged, as published to the party with whom the firm had contracted, where the report contained information that was pertinent and relevant to pending litigation and was prepared in anticipation of testimony. *Id.* at 160-61.

> ...the judgment sought shall be rendered
> forthwith if the pleadings, depositions,
> answers to interrogatories, and admissions on
> file, together with the affidavits, if any,
> show that there is no genuine issue as to any
> material fact and that the moving party is
> entitled to a judgment as a matter of law....

When reviewing a grant of summary judgment, an appellate court must decide anew if judgment in summary fashion is appropriate. *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991); *Gonzalez v. Alman Constr. Co.*, 857 S.W.2d 42, 44-45 (Tenn.App. 1993). Since this determination involves a question of law, there is no presumption of correctness as to the trial court's judgment. *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997); *Hembree v. State*, 925 S.W.2d 513, 515 (Tenn. 1996). In making our determination, we must view the evidence in a light most favorable to the nonmoving party, and we must draw all reasonable inferences in favor of that party. *Byrd v. Hall*, 847 S.W.2d 208, 210-11 (Tenn. 1993). Summary judgment is appropriate only if no genuine issues of material fact exist and if the undisputed material facts entitle the moving party to a judgment as a matter of law. Rule 56.04, Tenn.R.Civ.P.; *Byrd*, 847 S.W.2d 208, 211 (Tenn. 1993).

As explained in *Byrd*, "the party seeking summary judgment has the burden of demonstrating to the court that there are no disputed, material facts creating a genuine issue for trial... and that he is entitled to judgment as a matter of law." *Id.* at 215. One method of accomplishing this is by "conclusively establish[ing] an affirmative defense that defeats the nonmoving party's claim...." *Id.* at 215 n.5.

8

In the instant case, the Laus submitted an affidavit in which they denied being responsible, in any way, for the initial publication of Eakin's letter. The trial court subsequently determined that no material issues of fact existed as to whether the Laus had caused, or had conspired to cause, the publication of the letter. Significantly, Tabor submitted no affidavits or other material to contradict the Laus' affidavit. Accordingly, we hold that the trial court was correct in granting summary judgment to the Laus as to the publication of Eakin's letter to the Laus. On the facts before the trial court, and now before us, the Laus were not culpable with respect to the initial publication of Eakin's letter, and therefore under no circumstances can they be found liable for its initial publication.[5]

Tabor also alleges a cause of action against the Laus predicated on their filing of the complaint with the Board. Tabor contends that the filing of the complaint and the supporting documentation, including the re-publication of the Eakin letter, amount to an actionable publication of libelous material. On the contrary, we agree with the trial court's determination that such material is absolutely privileged. This conclusion is supported by the Supreme Court's holding in *Lambdin*, discussed above, and the cases holding that the doctrine of absolute privilege espoused in *Lambdin* is to be broadly applied. *See, e.g., Myers*, 959 S.W.2d at 151. Furthermore, it is clear that the statements in question concerned the

---

[5]Even if the Laus had prompted Eakin to write them the letter, we do not understand how they can be held legally responsible for publishing a libelous letter to themselves.

9

circumstances surrounding the various disputes between the Laus and Tabor, and, as such, were "relevant and pertinent to the issues involved" in the Laus' complaint to the Board. *See* **Lambdin**, 559 S.W.2d at 792.

In light of the fact that the statements in the Laus' complaint to the Board, including the supporting material, are absolutely privileged, we hold that the Laus conclusively established an affirmative defense to Tabor's libel claim. It is also clear that Tabor failed to set forth specific facts demonstrating the existence of disputed, material facts creating any genuine issue that would require a determination by a trier of fact. *See* **Byrd**, 847 S.W.2d at 215. Accordingly, the trial court's grant to the Laus of summary judgment with respect to their complaint to the Board was proper. Rule 56.04, Tenn.R.Civ.P.; **Byrd**, 847 S.W.2d at 215.

IV. *Tabor's Claim Against Eakin,*
*Gettysvue Partners, L.P., and Club Partners, Inc.*

We next turn to the trial court's grant of the remaining defendants' joint motion to dismiss. Our standard of review of a trial court's decision on such a motion is well-settled:

> In considering a motion to dismiss, courts
> should construe the complaint liberally in
> favor of the plaintiff, taking all
> allegations of fact as true, and deny the
> motion unless it appears that the plaintiff
> can prove no set of facts in support of [his]
> claim that would entitle [him] to relief. In
> considering this appeal from the trial
> court's grant of the defendant's motion to
> dismiss, we take all allegations of fact in

10

>           the plaintiff's complaint as true, and review
>           the lower courts' legal conclusions *de novo*
>           with no presumption of correctness.

*Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997).
(Citations omitted.)

As noted earlier, Tabor alleges in the complaint that the Laus and Eakin had conspired to effectuate the publication of Eakin's letter, and, specifically, that Eakin had "composed and published the said letter knowing that it would be used against plaintiffs and that it would be published to the Board and to others."[6]  The trial court, however, in ruling on the motion to dismiss, held that the allegedly libelous letter from Eakin to the Laus was an absolutely privileged communication.  Although the trial court did not specify the basis for this conclusion, we are of the opinion that the same reasoning applicable to the Laus' communications to the Board applies here, *i.e.*, the statements contained in Eakin's letter were absolutely privileged by virtue of the fact that they were made -- according to the complaint itself -- in anticipation of a quasi-judicial proceeding before the Board.  *See* **Lambdin**, 559 S.W.2d at 792; **Myers**, 959 S.W.2d at 161.  In other words, Tabor is bound by the factual allegations contained in the complaint, and, taking those allegations as true, Eakin's statements would be absolutely privileged.  Furthermore -- as in the case of the statements communicated to the Board by the Laus -- the statements contained in Eakin's letter were "pertinent and relevant" to the Laus' anticipated complaint to the Board.  *See* **Lambdin**, 559 S.W.2d at

---

[6]Tabor does not allege that anyone other than the Laus and the Board received Eakin's letter.

11

792.  Thus, they cannot form the predicate for a finding of liability for libel on the part of Eakin, Gettysvue Partners, L.P., and Club Partners, Inc.  On its face, the complaint as to these defendants makes out an affirmative defense to the alleged cause of action.

We therefore hold that the trial court correctly granted the remaining defendants' motion to dismiss.

V.  *Conclusion*

The judgment of the trial court is affirmed.  Costs on appeal are taxed to the appellants.  This case is remanded to the trial court for the collection of costs assessed there, pursuant to applicable law.

_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
Herschel P. Franks, J.

12