# IN THE COURT OF APPEALS OF TENNESSEE,
## AT JACKSON

_____

| | | |
|---|---|---|
| **RONNIE BRADFIELD**, | ) | Lake County Circuit Court |
| | ) | No. 95-7308 |
| Plaintiff/Appellant. | ) | |
| | ) | |
| VS. | ) | C.A. No. 02A01-9902-CV-00060 |
| | ) | |
| **STEVE DOTSON, et al**, | ) | |
| | ) | |
| Defendants/Appellees. | ) | |
| | ) | |

**F  Ⅱ  Ð**

**August 16, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

_____

From the Circuit Court of Lake County at Tiptonville.
**Honorable R. Lee Moore, Jr., Judge**

**Ronnie Bradfield**, *Pro Se*

**Paul G. Summers**, Attorney General and Reporter
**Michael E. Moore**, Solicitor General
**Michael L. Haynie**, Assistant Attorney General
Attorneys for Defendants/Appellees.

OPINION FILED:

**AFFIRMED AND REMANDED**

**FARMER, J.**

**CRAWFORD, P.J., W.S.**: (Concurs)
**LILLARD, J.**: (Concurs)

This is the third occasion which this Court has had to address the merits of this case. By prior opinions and judgments entered on September 6, 1996, and February 17, 1998, respectively, the Court addressed previous issues on appeal. In the interests of judicial efficiency, the Court adopts and incorporates herein the following recitation of facts contained in our opinion entered in this cause on February 17, 1998:

> In this case, an inmate at a state correctional institution filed a defamation [lawsuit] in circuit court against two state employees. The trial court granted summary judgment in favor of the defendants, holding that the Tennessee Claims Commission had exclusive jurisdiction over the matter. The trial court also denied the plaintiff's requests for default judgment. . . .

> Plaintiff/Appellant Ronnie Bradfield (a.k.a. Paul Farnsworth) ("Bradfield"), an inmate at the Lake County Regional Correctional Facility ("Correctional Facility"), is no stranger to this court. In October of 1995, Bradfield filed a *pro se* complaint in Lake County Circuit Court against Defendant/Appellee Ouida Stamper ("Stamper"), a state probation officer, and Defendant/Appellee Steve Dotson ("Dotson"), an associate warden at the Correctional Facility. Bradfield's complaint alleges:

> > The defendant(s), willing with Malice and intent, defame the Character of the Plaintiff, as well as, falsified information to the Criminal Courts of Shelby County, on September 20th, 1995. Of information that the Defendant(s) knew was incorrect, as well as, no foundation to prove there action(s) and/or words Slanderous and damaging to the Plaintiff legal Litigation which did affect his legal litigation and cause his serve harm.

> In January 1996, the defendants filed a motion for dismissal based on lack of subject matter jurisdiction and lack of personal jurisdiction pursuant to Rules 12.02(1) and 12.02(2) of the Tennessee Rules of Civil Procedure. The motion asserted that the Tennessee Claims Commission has exclusive jurisdiction to hear the case, pursuant to Tennessee Code Annotated § 9-8-307(a)(1)(R) (1997). There were no affidavits or other documents to support the motion.

> The trial court granted the defendants' motion. Bradfield appealed the dismissal. This Court, finding "nothing in the record to establish lack of subject matter jurisdiction," issued an order vacating the trial court's order and remanding the case.

> On remand, the defendants filed a motion for summary judgment. The motion was supported by affidavits filed by Stamper and Dotson. The affidavits stated that Bradfield's complaint concerned a pre-sentence report prepared and submitted by Stamper and Dotson for use at Bradfield's sentencing hearing. Stamper testified in her affidavit that the pre-sentence report was the only information she had ever provided to the Shelby County Criminal Court concerning Bradfield. Dotson testified in his affidavit that he never provided any information about Bradfield directly to the Shelby County Criminal Court, but that he provided "certain information . . .

regarding [Bradfield's] adaptation to prison life" to Stamper, with the understanding that this would be included in Bradfield's presentence report. Both defendants testified that the information was provided "in the course and scope" of their employment with the State.

The trial court granted the defendants' motion and dismissed the case.

*Bradfield v. Dotson*, No. 02A01-9707-CV-00152, 1998 WL 63521, at *1 (Tenn. App. Feb. 17, 1998) (footnote omitted).

On appeal from that order, Bradfield claimed that the trial court erred by failing to award him a default judgment and by dismissing his complaint on summary judgment. This Court determined that it was inappropriate for the trial court to have granted the defendants' motion for summary judgment without considering the plaintiff's request that the trial court compel the defendants to respond to his discovery requests. Therefore, by opinion and judgment entered February 17, 1998, this Court reversed the trial court's order of summary judgment and remanded the cause to the trial court to consider Bradfield's motion to compel discovery. *Bradfield v. Dotson*, 1998 WL 63521, at *4.

On remand, the trial court ordered the defendants to respond to Bradfield's discovery requests by April 17, 1998. On November 9, 1998, the trial court entered an order stating that the defendants had responded to all written discovery, closing discovery, and giving the parties thirty days in which to file any additional pleadings. On December 9, 1998, the defendants filed a motion for summary judgment, and the plaintiff filed a response on January 7, 1999. By order entered February 3, 1999, the trial court granted the defendants' motion for summary judgment and dismissed the lawsuit. The trial court ruled that it lacked subject matter jurisdiction to entertain the suit and also determined that the defendants had acted within the course of their employment with the State of Tennessee. Bradfield timely filed a notice of appeal on February 22, 1999, and the cause is properly before this Court.

On appeal, the Court first addresses the issue of whether the trial court lacked jurisdiction over a defamation action brought against two employees of the State of Tennessee who were acting within the scope of their employment. T.C.A. § 9-8-307(a)(1)(R)(Supp. 1995) provides

in relevant part:

> (a)(1) The commission or each commissioner sitting individually has exclusive jurisdiction to determine all monetary claims against the state falling within one (1) or more of the following categories:
>
> . . . .
>
> (R) Claims for libel and/or slander where a state employee is determined to be acting within the scope of employment.

In an affidavit dated April 23, 1997, defendant Ouida Stamper stated in relevant part:

> 2. In Mr. Bradfield's complaint, he alleges that I defamed him by knowingly providing false information about him to the Shelby County Criminal Court. The only information that I have ever provided to the Shelby County Criminal Court about Mr. Bradfield was in the form of a presentence report I prepared in September, 1995 at the court's request for use at his sentencing hearing following criminal convictions for attempted first degree murder, possession of a firearm by a convicted felon and carrying a firearm during a judicial proceeding.
>
> 3. The preparation and submission of this presentence report by me was carried out in the course and scope of my employment with the State as a Probation Manager for the TDOC.
>
> 4. In fact, the only involvement or contact that I have ever had with Mr. Bradfield has been involvement or contact while in the course of my employment with the State.

In a second affidavit sworn on December 3, 1998, defendant Stamper stated in pertinent part:

> 2. I am currently employed by the Tennessee Department of Correction as a Probation Manager and was so employed at all times pertinent to the allegations in the complaint.
>
> 3. As a probation manager for the TDOC, I supervise approximately 20 probation officers. My particular division, Division of Field Services, Delta Region, is responsible for production and delivery of Presentence Reports to the ten Divisions of Criminal Court in Shelby County Tennessee.
>
> 4. In mid-September 1995 I received an Order for Presentence Report from the Sixth Division of the Shelby County Criminal Court. . . . That Order directed an investigation into the background of Ronnie Bradfield and a subsequent report . . . .

5. Pursuant to the Court's Order, I conducted a presentence investigation of Ronnie Bradfield for the purpose of preparing a presentence report to be submitted to the Court as directed.

6. As part of my investigation, I contacted Associate Warden Dotson in order to obtain information concerning Ronnie Bradfield. . . .

7. . . . I specifically contacted Associate Warden Dotson, as he was the appropriate individual in the chain of command within the TDOC and was the best source of information concerning Bradfield. . . .

. . . .

9. Upon completion of the investigation, I filed a presentence report with the Sixth Division of the Shelby County Criminal Court as directed by that Court's Order.

Likewise, in Associate Warden Steve Dotson's affidavit sworn on April 23, 1997, Dotson stated in pertinent part:

2. In Mr. Bradfield's complaint, he alleges that I defamed him by knowingly providing false information about him to the Shelby County Criminal Court. I have never directly provided any information about Mr. Bradfield to the Shelby County Criminal Court. However, in response to an inquiry from TDOC Probation Manager Ouida Stamper's office, I did provide certain information to her regarding plaintiff's adaptation to prison life. It is my understanding that this information was included in a presentence report prepared and submitted by her to the Shelby County Criminal Court at the court's request.

3. The submission of information about Mr. Bradfield to Ms. Stamper was an act on my part which was taken in the course and scope of my employment with the State as Associate Warden at LCRCF.

In the second affidavit sworn to on December 2, 1998, Dotson stated in relevant part:

2. At all times pertinent to this action I was employed by the Tennessee Department of Correction as the Associate Warden of Operations at Lake County Correctional Facility (LCRCF).

. . . .

4. One of my responsibilities as associate warden was to provide necessary information to TDOC probation managers in the Division of Field Services who were conducting presentence investigations of inmates currently incarcerated at LCRCF.

The unrefuted affidavits from defendants Dotson and Stamper clearly establish that they were each acting within the course and scope of their employment with the State of Tennessee. T.C.A. § 9-8-307(a)(1)(R) (1992) expressly provides that the Claims Commission has exclusive jurisdiction over claims for libel and slander against state employees acting within the scope of their employment. This conclusion is not contrary to the holding of this Court in our earlier opinion entered in regard to this cause on September 6, 1996. *See Bradfield v. Dotson*, No. 02A01-9604-CV-00075, 1996 WL 502499 (Tenn. App. Sept. 6, 1996) (memorandum opinion). The earlier opinion merely stated that there was nothing in the record before the Court at that time to establish a lack of subject matter jurisdiction. Since entry of that opinion, each defendant has introduced into the record two unrefuted affidavits which establish that the defendants were acting within the course and scope of their employment at all times relevant hereto. For the foregoing reasons, we conclude that the trial court properly dismissed the plaintiff's claims on the ground of lack of subject matter jurisdiction.

Assuming *arguendo* that the trial court did, in fact, have jurisdiction over this cause, the Court concludes that Bradfield's claims of defamation necessarily fail for two reasons. First, the statements made by defendant Stamper were absolutely privileged, since her statements were made in the course of a judicial proceeding. The Tennessee Supreme Court has held that "statements made in the course of a judicial proceeding that are relevant and pertinent to the issues involved are absolutely privileged and cannot be the predicate for liability in an action for libel." *Lambdin Funeral Serv., Inc. v. Griffith*, 559 S.W.2d 791, 792 (Tenn. 1978); *Jones v. Trice*, 360 S.W.2d 48, 50 (Tenn. 1962). On prior occasions, this Court has indicated that this concept is to be liberally construed in order to insure unfettered access to the judicial process. *Tabor v. Eakin*, No. 03A01-9902-CV-00043, 1999 WL 330318, at *3 (Tenn. App. May 26, 1999); *Myers v. Pickering Firm, Inc.*, 959 S.W.2d 152, 161 (Tenn. App. 1997).

Stamper's presentence report to the Shelby County Criminal Court was absolutely privileged because her submission of the report was pertinent to and in the course of a judicial proceeding. Sentencing hearings are judicial proceedings in Tennessee. T.C.A. § 40-35-209(a) (1997). Moreover, it appears that the presentence report at issue in this case complies with T.C.A. § 40-35-207(a), which sets forth the contents of such reports.

As a second basis, the Court concludes that defendant Dotson's communications with defendant Stamper do not constitute defamation as that term as been defined by our courts. This Court has recognized that publication is a necessary element of any defamation claim. ***Woods v. Helmi***, 758 S.W.2d 219 (Tenn. App. 1988). In ***Woods***, this Court held that "communication among agents of the same corporation made within the scope and course of their employment relative to duties performed for that corporation are not to be considered as statements communicated or publicized to third persons." ***Id.*** at 223. ***See also Freeman v. Dayton Scale Co.***, 19 S.W.2d 255 (Tenn. 1929). The unrefuted affidavits supplied by the defendants establish that all communication between them concerning Bradfield was made in the course and scope of the defendants' employment with the State of Tennessee. Therefore, we conclude that defendant Dotson did not publish defamatory information as that term has been defined.

For the foregoing reasons, the order of the trial court dismissing Bradfield's cause of action is affirmed. Costs of this appeal are taxed to Mr. Bradfield, for which execution may issue if necessary.

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S. (Concurs)

_____
LILLARD, J. (Concurs)